IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 1:26-cv-00875-RBJ

NVAMOUGNE KABA,

Petitioner,

v.

PAMELA J. BONDI, KRISTI L.A. NOEM,
TODD M. LYONS, DAREN K. MARGOLIN,
GEORGE VALDEZ[1], JUAN BALTAZAR,
in their official capacities,

Respondents.

---

**ORDER**

---

Before the Court is the petitioner's Verified Petition for a Writ of Habeas Corpus (Petition), ECF No. 1. Petitioner seeks an "order to obtain his release from custody or, in the alternative, an order requiring that the U.S. Government provide him with a constitutionally compliant bond hearing" within seven days.[2]  *Id.* at ¶ 1.

The issue in this case is whether, as a noncitizen who has not been admitted or paroled into the United States, petitioner's detention during removal proceedings

---

[1] Pursuant to Fed. R. Civ. P. 25(d), George Valdez has automatically been substituted as a party in his official capacity as Acting Director of the Denver Field Office, U.S. Immigration and Customs Enforcement.

1

is governed by 8 U.S.C. § 1225(b)(2)(A) or 8 U.S.C. § 1226(a). If it is the former, as respondents contend, petitioner's detention is mandatory. If the latter provision controls, as petitioner argues, than he is entitled to a bond hearing before an Immigration Judge.

Although respondents filed a brief in opposition, they recognize that this case "is not materially different" from the others this Court has decided raising this precise issue. ECF No. 14 at 2 (citing this Court's decision in *Cervantes Arredondo v. Baltazar*, 25-cv-03040-RBJ, ECF No. 21 (D. Colo. Oct. 31, 2025)).

The Court has concluded, now many times over, that § 1226—and not § 1225(b)(2)(A)—governs detention for noncitizens who, like petitioner, entered the country without inspection and are not subject to expedited removal. *See, e.g.*, *Cervantes Arredondo*, 25-cv-03040-RBJ, ECF No. 21; *Velazquez de Leon v. Baltazar*, 25-cv-03805-RBJ, ECF No. 19 (D. Colo. Dec. 22, 2025); *Ugarte Hernandez v. Baltazar*, 25-cv-04066-RBJ, ECF No. 16 (D. Colo. Jan 15, 2026).

Most recently, the Court set forth its complete analysis in *Ugarte Hernandez*, and now incorporates the reasoning in that Order and adopts it in full. *See, e.g.*, *Espinoza Ruiz v. Baltazar*, 1:25-cv-03642-CNS, 2025 WL 3294762, at *2 (D. Colo. Nov. 26, 2025) (district court, on the same statutory question, "accept[ing] in full" and "adopt[ing]" its reasoning outlined in a previous case). The Court has read the Fifth Circuit's recent split decision adopting respondents' interpretation of the

2

relevant statutory provisions, but remains unpersuaded. *See Buenrostro v. Bondi*, ---F.4th---, 2026 WL 323330 (5th Cir. Feb. 6, 2026). Instead, the Court respectfully agrees with the dissenting judge that the majority's reading of § 1225(b)(2)(A) is inconsistent with "the statutory definition of 'admission,' the provision's context, the Supreme Court's understanding of the statutory scheme, and the whole history of American immigration law." *Id.* at *11 (Douglas, J., dissenting). In any case, as respondents recognize, "until the Tenth Circuit rules on this issue," the Court's prior ruling on this issue dictates reaching the same result here. ECF No. 14 at 4.

In prior decisions, this Court has ordered that the noncitizen should receive a prompt bond hearing before an Immigration Judge. *See, e.g.*, *Vences Nuñez v. Baltazar*, 25-cv-04046-RBJ, ECF No. 10 (D. Colo. Jan. 16, 2026); *Cervantes Arredondo,* ECF No. 21, at *8 (ordering a bond hearing); *Velazquez de Leon,* ECF No. 19, at *8 (same). However, under the circumstances presented in this case, immediate release is warranted subject to the limitation discussed below.

Unlike a case where the noncitizen has never encountered immigration authorities before their arrest and detention, this petitioner was previously released on his own recognizance by U.S. Immigration and Customs Enforcement (ICE) during removal proceedings. *See* ECF No. 1 at ¶ 34. Respondents do not dispute that petitioner fully complied with the terms of his supervised release for over a year before he was suddenly rearrested without a warrant following a routine hearing in

3

Immigration Court on May 28, 2025.  *Id.* at ¶ 38.  Nor do respondents claim that there has been any change in the posture of his immigration case.

Petitioner's release on his own recognizance in 2024 was a determination by ICE that he does not represent a danger to the community or a flight risk.  *Singh v. Baltazar*, ---F.Supp.3d----, No. 1:26-cv-00336-CNS, 2026 WL 352870, at * 3 (D. Colo. Feb. 9, 2026).  ICE's decision to rearrest him and detain in 2025 does not reflect a change in that assessment—nor could it, as nothing material has changed.  Instead, ICE revoked his release pursuant to its unlawful policy of treating all noncitizens present in the country without lawful admission as subject to mandatory detention under § 1225.  *See Lopez Benitez v. Francis*, 795 F.Supp.3d 475, 482 (S.D.N.Y. 2025); *Rodriguez v. Bostock*, 802 F.Supp.3d 1297, 1303 (W.D. Wash. 2025) (describing the federal government's adoption of this new policy).  Ordering a bond hearing would not restore petitioner to the status quo *ex ante*.  Rather, it would leave him worse off as he would face the prospect of continued detention or release under more onerous conditions than before.

Under these circumstances, the appropriate remedy is restoration of petitioner's release on his own recognizance.  *See, e.g.*, *Kumar v Baltazar*, No. 26-cv-00254-RMR, 2026 WL 642888, at *3 (D. Colo. Mar. 6, 2026); *Valera v. Baltazar*, No. 1:25-cv-03744-CNS, 2025 WL 3496174, at *3 (D. Colo. Dec. 5,

4

2025); *Lopez Benitez*, 795 F.Supp.3d at 498.  ICE may impose the same conditions on that release but no additional or modified conditions or bond.

Finally, the Court orders that respondents provide petitioner transportation at the government's expense back to Minneapolis, where he was living and attending immigration proceedings prior to his arrest. *See, e.g.*, *Ramirez-Francisco v. Bondi*, 1:26-cv-00488-SKC-RNR, 2026 WL 479057, at *3 (D. Colo. Feb. 20, 2026) (granting petitioner release and transportation back to Florida to restore the status quo before his unlawful arrest and detention); *Diallo v. Baltazar*, 1:25-cv-3548-SKC, 2026 WL 237296, at *2 (D. Colo. Jan. 29, 2026) (requiring release and transfer back to New Jersey); *Fausto O.I. v. Noem*, 26-cv-854 (MJD/LIB), 2026 WL 357652, at *10 (D. Minn. Feb. 4, 2026) (directing respondents to return petitioner to Minnesota). Respondents may secure petitioner's transportation and then release him or maintain him in temporary custody for the sole purpose of returning him to Minneapolis, Minnesota.  In either case, respondents must accomplish his release within 48 hours of this Order.

Therefore, it is hereby ORDERED that:

1. The Petition, ECF No. 1, is GRANTED. Petitioner is not subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2), and Respondents SHALL NOT redetain him under this authority.

2. Respondents SHALL release petitioner on his own recognizance within 48 hours of this Order;

3. Respondents SHALL transport or provide transportation for petitioner back to Minneapolis, Minnesota.  Respondents may secure his transportation and then release him from their custody, or, in the alternative, maintain him in their temporary custody for the sole purpose of effectuating his return to Minneapolis, Minnesota.  In either case, his custody SHALL NOT be maintained more than 48 hours from this Order;

4. Respondents SHALL NOT impose additional release conditions other than those that petitioner was subject to prior to his May 28, 2025 arrest;

5. The government SHALL NOT continue to detain the petitioner under 8 C.F.R. § 1003.19(i)(2), on the grounds that it is administratively appealing petitioner's eligibility for release under 8 U.S.C. § 1226(a);

6. The parties SHALL, within five (5) days of this Order, file a joint status report informing the Court of the status of petitioner's release and return to Minneapolis, Minnesota;

7. This Court retains jurisdiction over this matter to ensure respondents comply with this Order.

It is SO ORDERED.

Dated: March 20, 2026

BY THE COURT:

R. Brooke Jackson
Senior United States District Court Judge